UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

James Messerschmidt,

        Plaintiff,                            Case No: 0:22-cv-61614-AHS

  -against-

Gazeta Brazilian News Corporation,

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND MEMORANDUM OF LAW

Plaintiff, James Messerschmidt ("Plaintiff") (hereinafter referred to as "Plaintiff") by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 7.1(d) hereby moves this court for Entry of a Default Final Judgment against Defendant, Gazeta Brazilian News Corporation ("Gazeta" or "Defendant"), upon the Complaint hereto filed and served upon the Defendant, and in support thereof states as follows:

### INTRODUCTION

1.     On August 30, 2022, Plaintiff commenced this copyright infringement action against Defendant for unlawfully posting Plaintiff's copyrighted photograph on its website, www.gazetanews.com, in violation of 17 U.S.C. §501 *et. seq.* [*See*

Complaint Dkt. No. 1].

2. This Court has subject-matter jurisdiction over claims for copyright infringement pursuant to 28 U.S.C. §1338, as well as federal question jurisdiction under 28 U.S.C. §1331. [Dkt. No. 1, ¶7].

3. Plaintiff creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications. [Dkt. No. 1, ¶2].

4. Defendant is the registered owner and operator of the website www.gazetanews.com (the "Website"), and is responsible for all of its content. [*See* Dkt. No. 1, ¶3].

5. The Website is a popular and lucrative commercial enterprise.

6. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

7. On August 15, 2018, Plaintiff authored a photograph of Governor Andrew Cuomo with one hand raised (the "Photograph"). A copy of the Photograph is annexed to the complaint at Dkt. No. 1, *Exhibit 1*.

8. The Photograph was registered by the United States Copyright Office ("USCO") on October 2, 2018, under Registration No. VA 2-122-004. *See* Exhibit 1 annexed to the Declaration of James Messerschmidt ("Messerschmidt Decl."),

annexed hereto.

9. On April 11, 2022, Plaintiff first observed the Photograph on the Website featured in a story dated November 14, 2018. A copy of the screengrab of the Website displaying the Photograph is annexed to the Complaint at Dkt. No. 1, *Exhibit 2*.

10. The Photograph was displayed at URL: https://www.gazetanews.com/governador-de-ny-indica-apoio-a-concessao-decarteira-de-motorista-a-indocumentados/index.html ("*Infringement #1*").

11. The Photograph was stored at URL: https://midias.gazetanews.com/wp-content/uploads/2018/11/JamesMesserschmidt-the-new-york-post-300x199.jpg.

12. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected Photograph on the Website.

13. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

14. The Photograph has a proposed licensing fee based off the fair market value of a comparable image from Getty Images of $2,025.00. [*See* Messerschmidt

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND MEMORANDUM OF LAW

Decl., ¶¶ 14-15, Exhibit 2]. Plaintiff is seeking statutory damages of five (5) times the licensing fee for each infringement, for a total of $10,125.00.

15. On September 6, 2022, pursuant to Fla. Stat. 48.081, Defendant was served with a copy of the Summons and Complaint via Zigmar Vuelma, Treasurer for Defendant, at 1100 S. Federal Hwy., Deerfield Beach. Florida. On September 9, 2022, the Affidavit of Service was filed with the Court. [Dkt. No. 7].

16. In an Order dated November 4, 2022, the Court ordered Defendant to retain counsel, who was to file a notice of appearance by November 21, 2022, and that Defendant was to file its response to the Complaint by December 5, 2022. [Dkt. No. 12].

17. Defendant failed to answer Plaintiff's Complaint or otherwise comply with the Court's November 4, 2022, Order, and as such, on December 16, 2022, Plaintiff filed an Application for Entry of Clerk's Default against Defendant. [*See* Dkt. No. 16].

18. On December 16, 2022, the Clerk of the Court for the United States District Court for the Southern District of Florida entered a default against the Defendant. [*See* Dkt. No. 17].

19. In an Order dated January 9, 2023, the Court directed the Plaintiff to file a Motion for Default Final Judgment by January 23, 2023. [*See* Dkt. No. 20].

20. As Defendant has failed to appear or otherwise defend this action and has failed to comply with the Court's Orders, Plaintiff is entitled to judgment by default against Defendant as a matter of law.

21. Pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the Defendant for relief sought by Plaintiff in his Complaint.

22. Plaintiff respectfully requests that this Court grant this Motion for Default Judgment and award Plaintiff all relief requested in this Motion, which includes the following:

   i. Plaintiff is awarded statutory damages for copyright infringement pursuant to 17 U.S.C. §504(c) in the amount of $10,125.;

   ii. Attorneys' fees in the amount of $6,337.50 pursuant to 17 U.S.C. 505; and

   iii. Costs in the amount of $477.00, pursuant to 17 U.S.C. §505.

## MEMORANDUM OF LAW

**I.    Standard for Default Judgment**

Federal Rule of Civil Procedure 55(a)-(b) describes a two-step process for entry of default judgment. First, the clerk of the court must enter a default where a plaintiff demonstrates that the defendant has failed to plead or otherwise defend

the action. Fed. R. Civ. Pro. 55(a). Second, following the entry of default, a district court may enter default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).

Once a default is entered against a defendant, that party is deemed to have admitted the well-pleaded allegations of fact in the complaint. *See Ordonez v. Icon Sky Holdings LLC*, 2011 WL 3843890, (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987)); *see also Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995). As stated above, Plaintiff has satisfied all procedural requirements for entry of a default judgment.

## II.   Plaintiff's Complaint States a Valid Cause of Action for Copyright Infringement

The Copyright Act gives the copyright owner the exclusive rights to produce a copyrighted work and distribute copies of the work. *See* 17 U.S.C. §106(1)-(3). To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright, and (2) copying of elements of the original work. *Feist Pubs., Inc. v. Rural Tel Serv. Co., Inc.,* 499 U.S. 340, 361 (1991). In the Complaint, Plaintiff alleges facts sufficient to establish copyright infringement by Defendant.

Plaintiff sufficiently alleges that it is the owner of all rights, title and interest in his respective Copyrights, and that these copyrights constitute original and

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND
MEMORANDUM OF LAW

copyrightable subject matter under the Copyright Act. [Dkt. No. 1, ¶¶18-20]. Furthermore, by virtue of its valid registration of Plaintiff's Copyrights, under 17 U.S.C. §401(c), Plaintiff enjoys a presumption of ownership, originality and validity in the works at issue. *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 (9th Cir. 1989). Thus, the registration number in the Complaint constitutes prima facie evidence of Plaintiff's ownership of copyrights. [*See* Dkt. No. 1, ¶20; *see also* Messerschmidt Decl., Exhibit 1].

Next, Plaintiff sufficiently alleged Defendant copied his Photograph: "[w]ithout permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected Photograph on the Website. [Dkt. No. 1, ¶¶24-25]. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied/displayed the Photograph.

Thus, Plaintiff has sufficiently stated a cause of action for copyright infringement, since the Complaint properly alleges 1) ownership of a valid copyright and 2) Defendant's copying of Plaintiff's original work.

### III. <u>**Plaintiff is Entitled to Statutory Damages**</u>

Plaintiff seeks a total statutory damage award of $10,125.00 as compensation for Plaintiff's damages, as a punishment for Defendant's willful

conduct, and as a deterrent to future infringement by Defendant and others.

Plaintiff has attached as Exhibit 2 to the Plaintiff's Declaration a Getty Image License approximation for a similar image as the one at issue in the instant case to evidence a fair market value for Defendant's use on its Website. [*See* Messerschmidt Decl., ¶¶ 14-15, Exhibit 2].

In determining benchmark licensing fees, District Courts have used evidence derived from Getty Images, the leading stock photography agency, to establish an estimated fair market value of a license for a photograph. *See, e.g., Smith v. Paul A. Castrucci, Architects, PLLC*, No. 20-CV-3176 (JGK), 2021WL 930628, at *1 (S.D.N.Y. Mar. 11, 2021) (on default, finding similar photograph had a benchmark licensing fee of $1,680 based on evidence submitted from Getty Images, coupled with the plaintiff's sworn declaration); *Cuffaro v. Fashionisto LLC*, No. 19-CV-7265 (GBD) (KHP), 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020), *report and recommendation adopted*, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020) (on default judgment involving photograph with no licensing fee history, court credited evidence submitted from Getty Images to establish reasonable estimate of licensing fee for a similar photograph); L*orentz v. Sunshine Health Prod., Inc.*, No. 09-61529-CIV, 2010 WL 11492992, at *6 (S.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, No. 09-61529-CIV, 2010 WL

11493070 (S.D. Fla. Nov. 15, 2010) (the court found that "[t]o demonstrate entitlement to a reasonable licensing fee" Plaintiff may provide "evidence of benchmark licenses, that is, what licensors have paid for use of similar work'.") (citations omitted).

Here, Plaintiff seeks to recover five times the licensing fee, which is $2,025.00 per infringement [*See* Messerschmidt Decl. Exhibit 2].

Under 17 U.S.C. §412, registration is a prerequisite to recover statutory damages under sections 504 and 505. Provided that a work was registered prior to the infringement or within the first three months after publication, a copyright owner may choose to recover statutory damages instead of actual damages. 17 U.S.C. §§412, 504(c)(1). Here, as evidenced in "Exhibit 1" to the Messerschmidt Decl., the photograph was taken on August 15, 2018, and registered with the United States Copyright Office on October 2, 2018. The Photograph was discovered on the Defendant's website on April 11, 2022. Thus, the Photograph was registered prior to the infringement as provided by §412. Accordingly, Plaintiff is entitled to recover statutory damages as well as attorneys' fees and costs under 17 U.S.C. §§504 and 505, because the Photograph was registered prior to the Infringements.

A copyright owner may elect to recover either statutory damages or actual

damages and profits:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable… in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. §504(c)(1); *see also Arista Records, Inc. v. Beker Enterprises, Inc*. 298. F.Supp. 2d. 1310, 1312 (S.D.Fla. 2003). The Copyright Act permits a minimum award of $750 and a maximum of $30,000. *Id.* A Plaintiff who demonstrates willful infringement may seek statutory damages of up to $150,000 per copyrighted work. 17 U.S.C. §504(c)(2).

In determining the amount of statutory damages under the Copyright Act, courts look to see if the amount is calculated to serve the purpose of awarding statutory damages, including compensation for lost profits, punishment of willful conduct, and deterring future infringing activity. *Peer Int'l*, 909 F.2d at 1336 (a guiding principle in setting the amount of statutory damages, particularly in cases of willful infringement, is "to sanction and vindicate the statutory policy of discouraging infringement" even for an "uninjurious and unprofitable invasion of copyright"). A plaintiff may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's

profits." *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.* 259 F.3d 1186, 1194 (9th Cir. 2001). Accordingly, "the court has wide discretion in determining the amount of statutory damages to be awarded." *Jackson v. Sturkie,* 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

Several courts have held statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed. *PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F. Supp. 2d 1213 (S.D. Fla. 2004); *Sara Lee Corp. v. Bags of New York, Inc.,* 36 F.Supp 2d 161 (S.D.N.Y. 1999), *Phillip Morris USA, Inc. v. Castworld Products, Inc.,* 219 F.R.D. 494 (C.D. Cal. 2003). Statutory damages further "compensatory and punitive purposes," and help "sanction and vindicate the statutory policy of discouraging infringement." *L.A. News Serv. V. Reuters Television Int'l.,* 149 F. 3d 987, 996 (9th Cir. 1998). "The United States Supreme Court has held that merely awarding damages equal to lost profits does not sufficiently deter infringements." *EMI Mills Music, Inc. v. Empress Hotel, Inc.,* 470 F.Supp. 2d 67, 75 (D. Puerto Rico 2006) (*citing F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233 (1952)). Therefore, a statutory damage award should significantly exceed the amount of the license fee, in order to put infringers on notice that it costs less to adhere to copyright laws than to violate

them. *Broadcast Music, Inc. v. Star Amusements, Inc.,* 44 F.3d 485, 488 (7th Cir. 1995).

Federal Courts typically award three to five times the amount of the licensing fee for each infringement. *See Broadcast Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656, 660 (S.D.N.Y. 1996) (awarding statutory damages of approximately five times the amount of licensing fee); *Sailor Music v. IML Corp.,* 867 F.Supp. 565, 700 (E.D.Mich. 1994) (awarding three times the amount of licensing fee); *Broadcast Music, Inc. v. Kiflit,* 2012 WL 4717852 (N.D. Cal. 2012) (granting statutory award of over three times the amount of licensing fee in order to compensate plaintiff's lost profits and deter defendant's future infringement); *Halnat Pub. v. LAPA Inc.,* 669 F.Supp. 933 (D.Minn. 1987) (awarding over three times the lost registration fees); *Broadcast Music, Inc. v. Entertainment Complex, Inc.,* 198 F.Supp. 2d 1291 (N.D. Ala. 2002) (awarding approximately three times the amount of unpaid licensing).

Here, an award of five (5) times the licensing fee for the photograph is appropriate because the amount is within the statutory guidelines of §504(C)(1) and necessary to punish Defendant, who has infringed upon Plaintiff's photograph. Additionally, Defendant posted this photograph on a public website, where other people were able to view and copy it, which greatly decreases

Plaintiff's ability to license the image. With the imposition of this award, Plaintiff seeks to deter Defendant and other infringers from unlawfully copying his photographs on websites and from exhibiting a total disregard for the Federal Rules and the judicial process. Plaintiff also seeks compensation for damages caused by Defendant's infringement and to punish Defendant appropriately for its unlawful activities, the true extent of which is unknown as Defendant has failed to take part in this litigation.

### IV. **Plaintiff is Entitled to Attorney's Fees and Costs**

The Copyright Act permits the prevailing party to recover their full costs and attorney's fees. 17 U.S.C. §505. Courts have frequently awarded full costs and attorney's fees in order to: "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the courts to protect their works; and (3) penalize the losing party and compensate the prevailing party." *Arista Records, Inc. v. Beker Enterprises, Inc*. 298. F.Supp. 2d. 1310, 1315-1316 (S.D. Fla. 2003) (*citing A&N Music Corp. v. Venezia*, 733 F.Supp. 955, 959 (E.D.Pa. 1990)). Additionally, "courts regularly award attorney's fees and costs on default judgment." *Id*. (*citing Sony Music Entertainment v. Cassette Production*, 1996 WL 673158, *4 (D.N.J. 1996)). An award for attorney's fees in copyright infringement cases are in "the trial court's

discretion" but "they are the rule rather than the exception and should be awarded routinely." *Id*. (*citing Jobete Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 10 (S.D.Miss. 1994)) (internal citations omitted). Furthermore, "a party that seeks to enforce its copyrights and prevails…should have its attorney's fees awarded to promote enforcement of the Copyright Act and creativity, respectively." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1246 (S.D. Fla. 2008).

Here, since Plaintiff is the prevailing party, he is entitled to recover his full costs and attorney's fees. To date, Plaintiff has incurred costs in the amount of $477.00, inclusive of the $402.00 filing fee and administrative fee and $75.00 in process server fees. [*See* Declaration of Craig B. Sanders, Esq. ("Sanders Decl.")]. Plaintiff has also incurred $6,337.50 in attorney's fees. [*See Sanders Decl.* Exhibit 1]. Therefore, Plaintiff is entitled to recover a total $6,814.50 in fees and costs.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant Plaintiff's Motion for Default Final Judgment and *enter* a Default Judgment against Defendant, Gazeta Brazilian News Corporation, awarding Plaintiff $10,125.00 in statutory damages, $6,337.50 in attorney's fees and $477.00 in costs

and for any further relief this court deems just and proper.

DATED: January 20, 2023

>Respectfully submitted,
>
>**SANDERS LAW GROUP**
>
>By: */s/ Craig B. Sanders*
>Craig B. Sanders (Fla. Bar 985686)
>333 Earle Ovington Boulevard, Ste 402
>Uniondale, NY 11553
>Tel: (516) 203-7600
>csanders@sanderslaw.group
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2023, a true and correct copy of the foregoing Motion for Entry of Default Final Judgment was furnished by U.S. Mail to:

>Gazeta Brazilian News Corporation
>1100 S. Federal Highway, # 202
>Deerfield Beach, Florida 33441

Dated: January 20, 2023

>*/s/ Craig B. Sanders*
>Craig B. Sanders