UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-61614-CIV-SINGHAL

JAMES MESSERSCHMIDT,

    Plaintiff,

v.

GAZETA BRAZILIAN NEWS CORPORATION,

    Defendant.
_____/

### ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Final Judgment and Memorandum of Law (DE [21]), filed on January 20, 2023. Defendant Brazilian News Corporation is a Florida corporation, which must be represented by licensed counsel at all times. *See e.g.*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Defendant was directed to retain counsel by November 21, 2022, and file a response to the Complaint (DE [1]) by December 5, 2022. *See* (Order (DE [12]) entered Nov. 4, 2022). On December 16, 2022, the Clerk of Court entered a Default (DE [17]) against Defendant Gazeta Brazilian News Corporation for failure to appear, answer or otherwise plead to the Complaint (DE [1]). After a review of the record, it appears that the Defendant has indeed failed to respond to the Complaint (DE [1]) or otherwise appear in this action in compliance with court orders. Plaintiff now seeks an Order from this Court entering Default Final Judgment against Defendant. No response or objection has been filed.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019) (quoting *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "Granting a motion for default judgment is within the trial court's discretion." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d at 1259 (citing *Nishimatsu*, 515 F.2d at 1206). "Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . ."). The Court makes this determination here. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Final Judgment and Memorandum of Law (DE [21]) is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58, judgment for Plaintiff will be entered separately.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of February 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF